$40⁰⁰

GJP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TOBIAS LATHAM, | : No. 19-CV- 451 |
| *Plaintiff,* | : |
| v. | : |
| WEYERHAEUSER COMPANY and PHILLIP RISSMILLER, | : |
| *Defendants.* | : |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Weyerhaeuser Company and Phillip Rissmiller hereby remove this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendants aver as follows:

### I.    PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

#### A.    The Original Complaint

1.    On August 8, 2018, Plaintiff Tobias Latham filed a civil complaint in the Philadelphia County Court of Common Pleas against Defendant Weyerhaeuser Company, captioned *Tobias Latham v. Weyerhaeuser Company*, Case ID 180800386, August Term 2018 (hereafter, "the Original Complaint").

2.    Plaintiff Latham served the Original Complaint on Defendant Weyerhaeuser Company on August 27, 2018.

3.    On September 24, 2018, Weyerhaeuser removed the Original Complaint to this Court, under docket number 18-cv-4093-GJP.

4.      The Original Complaint alleged a single cause of action based on negligence related to an incident at Weyerhaeuser's Northampton County, Pennsylvania facility on August 28, 2017. *See* Notice of Removal, 18-cv-4093, Doc. 1 at ¶¶ 3-4 (E.D. Pa. Sept. 24, 2018).

5.      Before Weyerhaeuser answered the Original Complaint, Plaintiff Latham dismissed it on September 30, 2018 by way of notice of voluntary dismissal. *See* Notice, 18-cv-4093, Doc. 3 (E.D. Pa. Sept. 30, 2018).

6.      The Hon. Gerald Pappert completed dismissal of the case by Order dated October 3, 2018. *See* Order, 18-cv-4093, Doc. 4 (E.D. Pa. Oct. 3, 2018).

**B.      The New Complaint**

7.      On December 26, 2018, Plaintiff Latham filed a new complaint against Weyerhaeuser, as well as against new-defendant Phillip Rissmiller, in the Court of Common Pleas of Philadelphia County, captioned *Tobias Latham v. Weyerhaeuser Company and Phillip Rissmiller*, Case ID 181202843, December Term 2018 (Exhibit A) (hereafter, the "New Complaint").

8.      Plaintiff Latham served the New Complaint on Defendant Weyerhaeuser Company on January 14, 2019, which was Defendant Weyerhaeuser's first receipt of a copy of the New Complaint.

9.      Plaintiff Latham has not yet served the New Complaint on Defendant Rissmiller.

10.     The undersigned counsel represents both Defendants in this matter, and on January 30, 2019, counsel agreed to accept service of the New Complaint on behalf of Defendant Rissmiller. Plaintiff Latham has not yet formally served the Complaint on counsel.

11.     The New Complaint, as with the Original Complaint, concerns claims arising out of an incident at Weyerhaeuser's Northampton County, Pennsylvania facility.

2

12. In general, Plaintiff alleges that on or about August 28, 2017, he was working at Defendant Weyerhaeuser Company's distribution center in Easton, Pennsylvania. *See* Compl. ¶¶ 8, 12 (all references to the "Compl." are to the New Complaint, attached as Exhibit A).

13. Plaintiff Latham alleges that on that date a load of lumber being carried on a forklift, driven by Defendant Rissmiller, an employee of Weyerhaeuser, broke free and landed on Plaintiff, "striking him in the head, neck, back and leg." *See* Compl. ¶¶ 15-16.

14. As a result of this incident, Plaintiff Latham alleges he has "suffered serious, severe, permanent and disabling injuries[.]" *See* Compl. ¶ 27.

15. He alleges these injuries are the result of negligence by Weyerhaeuser Company and Phillip Rissmiller. *See* Compl. ¶¶ 30-51.

## II.    GROUNDS FOR REMOVAL

16. This Court has subject matter jurisdiction over this matter, and the New Complaint could have been originally commenced in this Court, based on diversity of citizenship under 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.    Citizenship

17. As to citizenship, Plaintiff Latham avers that he resides at 1111 East 3rd Street, Bethlehem, Pennsylvania 18015 and that he is a citizen of Pennsylvania. *See* Compl. ¶ 1.

18. As correctly averred in the New Complaint, Defendant Weyerhaeuser Company is a corporation organized under the laws of the State of Washington. *See* Compl. ¶ 2.

19. The citizenship of a corporation for diversity jurisdiction purposes is based on the state of its incorporation and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

3

20.     The Supreme Court has interpreted "principal place of business" to mean "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

21.     Defendant Weyerhaeuser has its principal place at 220 Occidental Avenue South, Seattle, Washington 98104.

22.     The foregoing address in the State of Washington is the place where Weyerhaeuser Company's high level officers—including the President and CEO, Chief Financial Officer, Chief Administration Officer, General Counsel and Corporate Secretary, and all Senior Vice Presidents—direct, control, and coordinate Weyerhaeuser's nationwide business, including its business in Pennsylvania.

23.     While Weyerhaeuser Company has *a* place of business at 4225 East Braden Boulevard, Easton, Pennsylvania 18040, as alleged in the New Complaint, *see* Compl. ¶ 2, its *principal* place of business is in Washington.

24.     Therefore, Defendant Weyerhaeuser Company is a citizen of the State of Washington and is not a citizen of Pennsylvania.

25.     Next, while the New Complaint alleges Defendant Rissmiller resides at 613-A Oakwood Street, Easton, PA 18045, and further alleges he is a citizen of Pennsylvania, *see* Compl. ¶ 5, that is not correct.

26.     In fact, Defendant Rissmiller resides at 147 Summit Avenue, Phillipsburg, New Jersey 08865, which is his domicile, and which has been his domicile since before the New Complaint was filed on December 26, 2018. (A declaration stating Defendant Rissmiller's domicile and citizenship is attached hereto as Exhibit B, and is incorporated by reference.)

4

27.     Defendant Rissmiller is a citizen of New Jersey and is not a citizen of Pennsylvania.

28.     Because Plaintiff is a citizen of Pennsylvania and Defendants are citizens of Washington and New Jersey respectively, complete diversity of citizenship exists between the parties.

**B.     Amount in Controversy**

29.     As to the amount in controversy, a notice of removal may assert the amount in controversy if, among other things, the initial pleading seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]" 28 U.S.C. § 1446(c)(2)(A)(ii).

30.     Under Pennsylvania law, a plaintiff demanding relief for unliquidated damages is not permitted to demand a specific sum. *See* Pa.R.C.P. No. 1021(b).

31.     A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

32.     Here, Plaintiff Latham readily avers that his damages *at least* exceed $50,000. *See* Compl. WHEREFORE clauses of ¶¶ 32, 44, 51.

33.     Next, Plaintiff's averments indicate his damages are likely to be significant because his alleged injuries are "serious, severe, permanent and disabling[.]" *See* Compl. ¶ 27.

34.     In fact, he avers a lengthy list of conditions and injuries from which he suffers, some still requiring ongoing treatment, which conditions and injuries will, if proven at trial, lead to damages in excess of $75,000:

> multiple abrasions, contusions and lacerations; muscle sprain and/or strain of his neck, shoulder and back requiring injections; conscious pain and suffering;

5

constant and chronic pain in his neck, shoulder and back; other orthopedic and/or
muscular injuries, the full extent of which is yet to be determined and some or all
of which may be permanent in nature; stress and anxiety; depression, despair,
despondency, and mental and emotional pain and suffering; loss of life's
pleasures, past, present and future, loss of earnings and wages and loss of earnings
capacity, past, present and future; hospital, medical and rehabilitation expenses
past, present and future, including medical equipment, supplies and/or other
medical care and treatment; other psychological, psychiatric and neurological
injuries, the full extent of which is yet to be determined and some or all of which
may be permanent in nature.

*See* Compl. ¶ 27.

35.     Therefore, the amount in controversy, based on the serious and permanent nature

of the injuries alleged by Plaintiff in the New Complaint, is in excess of $75,000, exclusive of

interest and costs.

36.     For each of the foregoing reasons, this Court has jurisdiction under 28 U.S.C.

§ 1332.

## III.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

37.     All of the other procedural requirements for removal to this Court have been

satisfied.

38.     First, neither Defendant in this action is a citizen of the state in which this action

is brought: as set forth above, Defendant Weyerhaeuser is a citizen of Washington and

Defendant Rissmiller is a citizen of New Jersey. *See* 28 U.S.C. § 1441(b)(2).

39.     Second, this action is being removed within 30 days after receipt by Defendant

Weyerhaeuser Company on January 14, 2019, through service, of a copy of the initial pleading

setting forth the claim for relief upon which such action or proceeding is based; and is being

removed even before service of the Complaint on Defendant Rissmiller has occurred. *See*

28 U.S.C. § 1446(b)(1), (b)(2)(B).

40.     Third, both Defendants, Weyerhaeuser Company and Phillip Rissmiller, consent
to this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

41.     Fourth, the action was initially filed on December 26, 2018, thus the present
removal is within one-year of the commencement of the action. *See* 28 U.S.C. § 1446(c)(1).

42.     Fifth, removal to the District Court for the Eastern District of Pennsylvania is
proper because it is the district court that embraces Philadelphia County, where the action was
originally commenced. *See* 28 U.S.C. § 1441(a).

43.     After filing this Notice of Removal, Defendants will promptly serve written notice
of this Notice of Removal on counsel for the adverse party and file the same with the
Prothonotary of the Philadelphia County Court of Common Pleas in accordance with 28 U.S.C.
§ 1446(d).

44.     True and correct copies of all process, pleadings, and orders served on the
Defendants in the action pending in the Philadelphia County Court of Common Pleas are
attached hereto as Exhibit A.

**IV.     NON-WAIVER OF DEFENSES**

52.     By removing this action from the Philadelphia County Court of Common Pleas,
Defendants do not waive any defenses available to them, including, but not limited to,
Defendants' complete immunity from suit under the Workers' Compensation Act, *see* 77 P.S.
§§ 72, 481(a).

45.     By removing this action from the Philadelphia County Court of Common Pleas,
Defendants do not admit any of the allegations in Plaintiff's complaint, other than the allegation
about Defendant Weyerhaeuser's state of incorporation.

7

WHEREFORE, Defendants remove the above-captioned action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: January 31, 2019

Joshua J. Voss (No. 306853)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (267) 443-4114
Fax: (215) 568-0140
Email: jvoss@kleinbard.com

*Attorney for Defendants*

8

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

DECEMBER 2018

002843

E-Filing Number 1812049906

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TOBIAS LATHAM | WEYERHAEUSER COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1111 EAST 3RD STREET<br>BETHLEHEM PA 18015 | 4225 BRADEN BOULEVARD EAST<br>EASTON PA 18040 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | PHILLIP RISSMILLER |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 613-A OAKWOOD STREET<br>EASTON PA 18045 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>DEC 26 2018<br>M. BRYANT | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: TOBIAS LATHAM

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT J. MONGELUZZI | ONE LIBERTY PLACE 52ND  FLOOR<br>1650 MARKET ST. |

| PHONE NUMBER | FAX NUMBER | PHILADELPHIA PA 19103 |
|---|---|---|
| (215)496-8282 | (215)496-0999 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36283 | VSmith@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ROBERT MONGELUZZI | Wednesday, December 26, 2018, 10:58 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/JEFFREY P. GOODMAN/
SAMUEL B. DORDICK
IDENTIFICATION NO: 36283/309433/322647
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

Filed and Attested by the
Office of Judicial Records
26 DEC 2018 10:58 am
A. BRYANT

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| TOBIAS LATHAM<br>1111 East 3rd Street<br>Bethlehem, PA 18015<br><br>*Plaintiff*<br><br>vs.<br><br>WEYERHAEUSER COMPANY<br>4225 Braden Blvd. E.<br>Easton, PA 18040<br><br>And<br><br>PHILLIP RISSMILLER<br>613-A Oakwood Street<br>Easton, PA 18045<br><br>*Defendants* | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>DECEMBER TERM, 2018<br><br>No.:<br><br>JURY OF 12 DEMANDED<br>THIS IS NOT AN ARBITRATION<br>MATTER |

## COMPLAINT – CIVIL ACTION

| **"NOTICE** | **"AVISO** |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.<br><br>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSCCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107 |

1

Case ID: 18120284

| One Reading Center | Telefono: (215) 238-1701" |
|---|---|
| Philadelphia, Pennsylvania 19107 | |
| (215) 238-1701" | |

1.     Plaintiff, Tobias Latham, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1111 East 3rd Street, Bethlehem, PA 18015.

2.     Defendant, Weyerhaeuser Company (hereinafter referred to as "Weyerhaeuser") is a corporation or other business entity organized and existing under the laws of the State of Washington, with a place of business located at 4225 Braden Blvd. E., Easton, PA 18040.

3.     At all times relevant hereto, Defendant, Weyerhaeuser, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Defendant Weyerhaeuser.

4.     At all times relevant hereto, Defendant, Weyerhaeuser, purposely established significant contacts in Pennsylvania, has carried out and continues to carry our substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

5.     Defendant, Phillip Rissmiller (hereinafter Defendant "Rissmiller") is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 613-A Oakwood Street, Easton, PA 18045.

6.     At all times relevant hereto, Defendant Rissmiller was acting as an agent, servant and/or employee of Defendant Weyerhaeuser and was at all times relevant hereto acting within the course and scope of his employment with Defendant Weyerhaeuser.

7.     On or about August 28, 2017, Plaintiff was employed by Allegis Group and/or its wholly owned subsidiary, Aerotek, Inc. (hereinafter collectively referred to as "Aerotek"), a temporary staffing agency.

2

8.      Prior to August 28, 2017, Aerotek, placed Plaintiff, Tobias Latham, at Defendant Weyerhaeuser's distribution facility, located at 4225 Braden Blvd. E., Easton, PA 18040 (the "Facility") as a laborer.

9.      The Facility consists of an indoor portion and an outdoor portion.

10.     At the outdoor portion of the Facility, lumber materials, including logs, are arranged into rows and/or aisles to allow workers, forklifts and/or other machinery to travel between the rows of lumber materials.

11.     An overhead screenshot of Defendant's Facility showing the rows and/or aisles of lumber is below:



12.     On August 28, 2017, at approximately 7:20 a.m., Plaintiff was banding together lumber material at or near cutting blocks 55 and 56, located in the outside yard area of the Facility.

3

13.     While banding together the lumber material and preparing it for transportation, a forklift carrying 48 ft. long pieces of lumber banded together by plastic straps, approached Plaintiff from behind.

14.     Upon information and belief, the aforementioned forklift was operated by Weyerhaeuser employee, Defendant Rissmiller.

15.     As the forklift approached Plaintiff from behind, Defendant Rissmiller negligently, grossly negligently, carelessly and/or recklessly smashed his forklift into a large log that was left in one of the aisles, violently jolting the 48 ft. long pieces of lumber the forklift was carrying.

16.     As a result of the sudden jolt, the lumber the forklift was carrying snapped free of the plastic straps banding it together and crashed down upon Plaintiff, striking him in the head, neck, back and leg.

17.     Defendant Weyerhaeuser had a duty to ensure that all workers on site were provided with a safe work environment.

18.     Defendant Weyerhaeuser had a duty to ensure that the aisles between the rows of lumber were free and clear from any dangerous hazard and/or condition.

19.     Defendant Weyerhaeuser had a duty to ensure that equipment being operated at the Facility, including forklifts, was being operated in a safe manner.

20.     Defendant Weyerhaeuser had a duty to ensure that the aisles between the rows of lumber were free and clear of any and all obstructions.

21.     Defendant Weyerhaeuser had a duty to ensure that lumber being transported around and/or throughout the Facility was done so safely.

22.     Defendant Weyerhaeuser breached these aforementioned duties.

4

Case ID: 18120284

23.     Defendant Rissmiller had a duty to operate his forklift safely.

24.     Defendant Rissmiller had a duty to ensure that other workers at the facility were not exposed to unreasonable hazards through the operation of his forklift.

25.     Defendant Rissmiller had a duty to avoid smashing into any and all obstructions with his forklift.

26.     Defendant Rissmiller breached these aforementioned duties.

27.     As a direct and proximate result of the negligence, carelessness and/or other liability-producing conduct of Defendants, Plaintiff, Tobias Latham, suffered serious, severe, permanent and disabling injuries including but not limited to: multiple abrasions, contusions and lacerations; muscle sprain and/or strain of his neck, shoulder and back requiring injections; conscious pain and suffering; constant and chronic pain in his neck, shoulder and back; other orthopedic and/or muscular injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature; stress and anxiety; depression, despair, despondency, and mental and emotional pain and suffering; loss of life's pleasures, past, present and future; loss of earnings and wages and loss of earnings capacity, past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and/or other medical care and treatment; other psychological, psychiatric and neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

> a.     As a direct and proximate result of the conduct of Defendant, Plaintiff, Tobias Latham, has in the past required, continues to require and may in the future require, medical treatment and care, and has in the past, continues presently and may in the future incur the cost of medicines,

5

medical care, hospitalizations, treatment, future operations, testing, and rehabilitation and attempts to alleviate and/or cure his condition.

b.  As a direct and proximate result of the conduct of Defendant, Plaintiff, Tobias Latham, has in the past and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

c.  As a direct and proximate result of the conduct of Defendant, Plaintiff, Tobias Latham, has been prevented and will be prevented in the future from performing his usual duties, activities, occupations and avocations and has suffered a loss of earning and a loss of earning capacity.

28.  The injuries suffered by Plaintiff were the direct and proximate result of the negligence carelessness and/or other liability-producing conduct of Defendant herein and in no way were contributed to by Plaintiff.

29.  Defendant, Weyerhaeuser Company, is responsible for this accident and the injuries and damages suffered by Plaintiff, Tobias Latham.

## COUNT I – NEGLIGENCE

## TOBIAS LATHAM v. WEYERHAEUSER COMPANY

30.  Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint the same as though fully set forth herein.

31.  Defendant Weyerhaeuser had an unquestionable duty to provide Plaintiff with a safe place in which to work.

6

Case ID: 18120284

32.     Defendant Weyerhaeuser had an unquestionable duty to ensure that the rows and/or aisles were free and clear of any and all dangerous hazards and/or obstructions.

33.     Defendant Weyerhaeuser had an unquestionable duty to ensure that heavy equipment, including forklifts, operated by its servants, agents, workmen and/or employees was operated in a safe manner.

34.     Defendant Weyerhaeuser had an unquestionable duty to ensure that lumber being transported around and/or throughout the Facility was done so safely.

35.     Defendant Weyerhaeuser breached these aforementioned duties.

36.     Defendant, by and through its agents, servants, workmen and/or employees breached its duties by engaging in negligent and careless conduct, including, but not limited to:

a.      Failing to maintain a safe Facility and worksite;

b.      Failing to provide Plaintiff, Tobias Latham, with a safe place in which to work;

c.      Failing to ensure that all rows and/or aisles were free and clear of any and all unreasonable hazards;

d.      Allowing a log, piece of lumber and/or other obstruction to exist in the rows and/or aisles where Plaintiff was working;

e.      Failing to properly train its agents and/or employees in the proper and safe operation of heavy equipment, including forklifts;

f.      Failing to maintain safe control over the forklift;

g.      Failing to operate the forklift in a safe manner;

h.      Failing to give due consideration to the hazards then and there existing at the Facility during the operation of the forklift;

i.      Failing to warn Plaintiff of the presence and proximity of the forklift;

j.      Driving the forklift into obstacles and/or obstructions in the aisles between the rows of lumber;

k.      Failing to ensure that the lumber being carried by the forklift was properly, adequately and safely bound and/or secured;

l.      Failing to ensure that the aisles between the rows of lumber at the Facility were free and clear of any and all obstacles, obstructions and/or hazards;

7

m.   Smashing and/or otherwise colliding into a log and/or other obstruction in an aisle between the rows of lumber at the Facility;

n.   Failing to prevent the lumber being transported by the forklift from falling from the forklift;

o.   Failing to ensure that lumber was transported throughout the Facility in a safe manner;

p.   Failing to ensure that all lumber being transported was properly and adequately bound together;

q.   Failing to use reasonable and prudent care to keep the Facility in a safe condition;

r.   Failing to properly train its employees to recognize unsafe conditions at the Facility;

s.   Failing to adequately instruct and/or train its employees as to the proper maintenance, care and control of the Facility, specifically the rows and/or aisles;

t.   Failing to warn persons working at the Facility, including Plaintiff, of the defective and dangerous existing at the Facility at the time of the accident;

u.   Failing to exercise due care under the circumstances;

v.   Failing to adopt, enact, develop, employ, promulgate and/or enforce proper and necessary policies, plans, programs and/or procedures designed to ensure the safety of the people working at the Facility, including Plaintiff;

w.   Failing to adopt, enact, develop, employ, promulgate and/or enforce proper and necessary policies, plans, programs and/or procedures designed to ensure that all rows and/or aisles were free and clear of any and all unreasonable and dangerous hazards;

x.   Being otherwise negligent under the circumstances;

y.   Breaching its duties under the Restatement (Second) of Torts.

37.   As a direct and proximate result of the Defendant's negligence and carelessness, by and through its agents, servants, workmen and/or employees, Plaintiff sustained the painful and permanent injuries as set forth hereinabove.

38.   Defendant's actions and/or inactions were substantial factors and/or factual causes and/or increased the risk of harm to Plaintiff.

8

Case ID: 18120284

**WHEREFORE**, Plaintiff, Tobias Latham, demands judgment against Defendant, Weyerhaeuser Company, a sum in excess of $50,000.00 in compensatory damages and delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT II – NEGLIGENCE

### TOBIAS LATHAM v. PHILLIP RISSMILLER

39.     Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint the same as though fully set forth herein.

40.     Defendant Rissmiller had an unquestionable duty to operate his forklift safely.

41.     Defendant Rissmiller had an unquestionable duty to avoid smashing and/or colliding into obstructions and/or obstacles in aisles between the rows of lumber.

42.     Defendant, by and through its agents, servants, workmen and/or employees breached its duties by engaging in negligent and careless conduct, including, but not limited to:

      a.     Failing to maintain control over the forklift;

      b.     Operating the forklift in a dangerous manner;

      c.     Failing to ensure that he did not run the forklift into obstacles and/or obstructions in the aisles between the rows of lumber;

      d.     Failing to warn Plaintiff of his presence;

      e.     Failing to ensure that the lumber he was transporting on his forklift was adequately and properly secured;

      f.     Failing to ensure that there were no obstacles and/or obstructions in the aisles between the rows of lumber;

      g.     Smashing and/or otherwise colliding into a log and/or obstruction in an aisle between the row of lumber;

43.     As a direct and proximate result of the Defendant's negligence and carelessness, Plaintiff sustained the painful and permanent injuries as set forth hereinabove.

9

44.    Defendant's actions and/or inactions were substantial factors and/or factual causes and/or increased the risk of harm to Plaintiff.

**WHEREFORE**, Plaintiff, Tobias Latham, demands judgment against Defendant, Phillip Rissmiller, a sum in excess of $50,000.00 in compensatory damages and delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

## COUNT III – *RESPONDEAT SUPERIOR*, VICARIOUS LIABILITY, AND AGENCY
## TOBIAS LATHAM v. PHILLIP RISSMILLER and WEYERHAEUSER COMPANY

45.    Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint the same as though fully set forth herein.

46.    At all times relevant hereto, Defendant Rissmiller was an employee, agent, ostensible agent, servant, and/or worker of Defendant, Weyerhaeuser.

47.    At the time of the accident, Defendant Rissmiller was acting within the course and scope of his employment and/or agency with Defendant Weyerhaeuser.

48.    Defendant, Weyerhaeuser, is vicariously liable as employers and/or principals of Defendant Rissmiller, for the injuries, resulting losses and expenses of the Plaintiff, Tobias Latham, for which claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*.

49.    The conduct of these Defendants caused and contributed to the aforesaid accident, and plaintiff's injuries and damages described, at length, herein.

50.    As a direct and proximate result of Defendants' negligence, carelessness, recklessness, and/or other liability producing conduct, Plaintiff sustained painful and permanent injuries and damages, as previously discussed.

10

51.    Defendants are jointly and severally liable for Mr. Latham's injuries and damages.

**WHEREFORE**, Plaintiff, Tobias Latham, demands judgment against Defendants, Weyerhaeuser Company and Phillip Rissmiller, jointly and severally, a sum in excess of $50,000.00 in compensatory damages and delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

> **SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
> By:    *s/ Robert J. Mongeluzzi*
>
> ROBERT J. MONGELUZZI
> JEFFREY P. GOODMAN
> SAMUEL B. DORDICK
> *Attorneys for Plaintiff, Tobias Latham*

Dated:  December 26, 2018

11

## VERIFICATION

I, Tobias Latham, hereby verify that the facts set forth in the within Complaint are true and

correct to the best of my knowledge, information and belief.  This Verification is made subject to

the penalties of the 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

12/20/2018
DATED: _____

TOBIAS LATHAM

12

# EXHIBIT B



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TOBIAS LATHAM, | : |
| | : |
| *Plaintiff,* | : No. 19-CV-___451_____ |
| v. | : |
| | : |
| WEYERHAEUSER COMPANY and PHILLIP | : |
| RISSMILLER, | : |
| | : |
| *Defendants.* | : |

## DECLARATION

I, Phillip Rissmiller, declare as follows:

1.     I am a Defendant in the above-captioned case.

2.     I have reviewed the Complaint filed on December 26, 2018, which states that I reside at 613-A Oakwood Street, Easton, PA 18045 and that I am a citizen of Pennsylvania.

3.     However, that information is incorrect, and was incorrect at the time the Complaint was filed.

4.     My permanent residence is 147 Summit Avenue, Phillipsburg, New Jersey 08865, and has been so since before the Complaint was filed.

5.     My current residence in New Jersey is my domicile because it is my true, fixed and permanent home and place of habitation.

6.     My current residence in New Jersey is the place to which, whenever I am absent, I have the intent of returning to.

7.     My current residence has been my domicile since before the Complaint was filed.

8.     Based on the above, I am a citizen of New Jersey and have been so since before the Complaint was filed.

Per 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___1/30/19_____

_____
Phillip Rissmiller

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Defendants' Notice of Removal to be served via U.S. Mail, and via email, on the following:

> Robert J. Mongeluzzi
> Jeffery P. Goodman
> Samuel B. Dordick
> SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
> 1650 Market Street, 52nd Floor
> Philadelphia, PA 19103
> rmongeluzzi@smbb.com
> jgoodman@smbb.com
> SDordick@smbb.com
>
> *Attorneys for Plaintiff*

Dated: January 31, 2019

Joshua J. Voss (No. 306853)
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (267) 443-4114
Fax: (215) 568-0140
Email: jvoss@kleinbard.com

*Attorney for Defendants*