IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOBIAS LATHAM, *Plaintiff,* v. WEYERHAEUSER COMPANY, *et al.*, *Defendants.* | CIVIL ACTION NO. 19-451 |

**PAPPERT, J.**                                                                                        May 21, 2019

### MEMORANDUM

Tobias Latham sued Weyerhaeuser Company and Phillip Rissmiller in state court, claiming that he was injured while working at a Weyerhaeuser lumber distribution center in Easton, Pennsylvania. Defendants removed the case to federal court. Latham moves to remand because he no longer believes his case is worth more than $70,000. The Court denies the Motion because it misrepresents the law.

Latham filed his Complaint in the Philadelphia County Court of Common Pleas on December 26, 2018. (Notice of Removal Ex. A ("Compl."), ECF No. 1.) Defendant Weyerhaeuser was served on January 14, 2019. (Notice of Removal ¶ 8.) Weyerhaeuser agreed to accept service on behalf of Defendant Rissmiller on January 30. (*Id.* at ¶ 10.) Defendants removed the case to this Court on January 31, 2019. *See* (Notice of Removal). On May 3, Latham sent Defendants an email with a demand of $70,000. (Pl.'s Mem. Supp. Mot. Remand ("Pl.'s Mem.") Ex. C, ECF No. 20.)

Federal courts have subject matter jurisdiction over state law claims if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Latham does not dispute that there is diversity of citizenship between himself and Defendants. Nor does he contend that his Complaint, as filed, alleges less than $75,000 in damages.[1] He argues instead that "the amount in controversy is less than the jurisdiction threshold of $75,000 given that in light of discovery, Plaintiff formally reduced his demand to settle all of his claims against Defendants to $70,000."[2] (Pl.'s Mot. Remand ¶ 17, ECF No. 20.)

In removal cases, "[t]he general federal rule is to decide the amount in controversy from the complaint itself." *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). The plaintiff is the "master of the case" and may limit his claims to keep the amount in controversy below the jurisdictional threshold. *Wilson v. Walker*, 790 F. Supp. 2d 406, 407–08 (E.D. Pa. 2011) (quoting *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006)). "[E]vents occurring subsequent to removal," however, "which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293–94 (1938) ("The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to

---

[1] In fact, Latham's counsel certified on February 7, 2019 that "to the best of [his] knowledge and belief the damages recoverable . . . exceed the sum of $150,000 exclusive of interest and costs." (Defs.' Mem. Opp'n Mot. Remand Ex. A, ECF No. 21.) Given his position in the Motion to Remand, Latham is no longer certifying that the damages sought in this case exceed $150,000. The Court must therefore presume that Latham's damages are not in excess of $150,000, exclusive of interest and costs. *See* E.D. Pa. Civ. R. 53.2.3.C(1). The case is referred for compulsory arbitration accordingly.

[2] Plaintiff demanded $1 million on February 18, 2019. (Defs.' Mem. Opp'n Mot. Remand Ex. B.)

defeat that right and bring the cause back to the state court at his election."); *see also Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

Latham could have prevented removal by suing Defendants for less than the jurisdictional minimum. *See Red Cab*, 303 U.S. at 294. He did not do so; Defendants accordingly exercised their right to remove to federal court. Latham's recent $70,000 demand did not interfere with that right or oust this Court's jurisdiction over his claims. *See Tyson v. Schindler Elevator Corp.*, 2017 WL 1966919 *3 (E.D. Pa. May 11, 2017) ("While the removal statute has been held to militate against removal, if the plaintiff could, no matter how bona fide his original claim . . . reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice.") (internal citations and quotation marks omitted)).

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.